**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

| | | |
|---|---|---|
| COLLINS ASSET GROUP, LLC | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| vs. | § § | |
| DIVERSIFIED FINANCING, LLC; | § § | |
| SONOQUI, LLC; | § § | |
| IRA SERVICES TRUST COMPANY; | § § | |
| FERRUM II, LLC; | § § | |
| PROVIDENT TRUST GROUP; | § § | |
| VANTAGE RETIREMENT PLANS, LLC; | § § § | |
| JEFFREY ARNOLD; | § § | |
| KATHERINE ARNOLD; | § § | |
| RANDALL BAHJAT; | § § | |
| JEFF BROWNE; | § § | |
| TOM CHRISMAN; | § § | |
| NEAL COLLINS; | § § | |
| ERNESTO DIGIORDANO; | § § | |
| DAVID ERNEST; | § § | |
| DEBBIE EVANS; | § § | |
| EVANS FAMILY TRUST; | § § | |
| WILLIAM FRASER; | § § § | |

SHERRIE GEORGE;                           §
                                          §
FEI HAVENOR;                              §
                                          §
GERALD HOLMES;                            §
                                          §
MARIE JOHNSON;                            §
                                          §
CATHY KAISER;                             §
                                          §
JAMES KARG;                               §
                                          §
JEANINE GORCHEN-KRASLEY;                  §
                                          §
JAMES LAPPAS;                             §
                                          §
VENETIA LAPPAS;                           §
                                          §
KAREN LAWRENCE;                           §
                                          §
TRISH LAVECK;                             §
                                          §
RICHARD LESTER;                           §
                                          §
ANG LI;                                   §
                                          §
HAROLD LIKEY;                             §
                                          §
ARTHUR MARKS;                             §
                                          §
PEGGY McCAULEY;                           §
                                          §
JOHN McCORMICK;                           §
                                          §
MITCH McDONALD;                           §
                                          §
TERRY McKNIGHT;                           §
                                          §
JEFF MULLIS;                              §
                                          §
HANH NGUYEN;                              §
                                          §
DONNA PETERS;                             §
                                          §
PIRRO PETI;                               §
                                          §

| | |
|---|---|
| SUSAN POLLINGER; | § |
| | § |
| MARK POULSEN; | § |
| | § |
| WENDY PYNE; | § |
| | § |
| OLIVIA SAN MIGUEL; | § |
| | § |
| LUIS SAN MIGUEL; | § |
| | § |
| TERRI SALTZMAN; | § |
| | § |
| FRANK SCHENCK; | § |
| | § |
| JACKLINE SLEZAK; | § |
| | § |
| CARLISE STARGILL; | § |
| | § |
| JUDITH TALLETT; | § |
| | § |
| GREGORY TINDALL; | § |
| | § |
| BRAD VAN; | § |
| | § |
| DAWN VAUGHN; | § |
| | § |
| KAREN WARREN; | § |
| | § |
| BRIAN WILSON; | § |
| | § |
| LORY WILLIAMS; | § |
| | § |
| YU ZHANG; | § |
| | § |
| BILL ZOELLIN; | § |
| | § |
| JOHN DOE(S) | § |
| | § |
| EACH INDIVIDUALLY AND ON | § |
| BEHALF OF ALL OTHERS | § |
| SIMILARLY SITUATED | § |
| | § |
| Defendants. | § |

## ORIGINAL COMPLAINT IN INTERPLEADER

1.     Plaintiff Collins Asset Group, LLC ("CAG") brings this action in the nature of interpleader pursuant to 28 U.S.C. §§ 1335 and 2361, against defendants Diversified Financing, LLC ("Diversified"), Sonoqui, LLC ("Sonoqui"), IRA Services Trust Company as custodian and for the assignment and benefit of account numbers IRA550310, IRA550322; IRA551296, IRA549897, IRA549903, IRA503150, IRA540675 ("IRA TRUST"), Ferrum II, LLC, and the individually named defendants, individually and as proposed representatives of two proposed defendant classes pursuant to Rule 23(b)(2)(b) of the Federal Rules of Civil Procedure: a "Diversified Class" and a "Sonoqui class."

2.     CAG has in its custody more than four million dollars ($4,000,000.00) (the "Current Funds"), and will be receiving additional funds, potentially in excess of twenty million dollars ($20,000,000.00) (the "Future Funds").  The Current Funds and Future Funds are monies that CAG now owes, or may become due and owing in the future, to Diversified and Sonoqui pursuant to the terms of various written loan agreements.  CAG cannot pay those funds to the payees, because Diversified and Sonoqui are no longer in good standing, their principals have been accused of financial crimes, their office locations have been abandoned, and CAG has not been able to identify an appropriate agent to properly accept money on behalf of Diversified or Sonoqui.

3.     As alleged in more detail below, numerous claimants alleging an entitlement to a portion of the Current Funds or Future Funds have contacted CAG, including people who allegedly loaned money to Diversified and/or Sonoqui that they claim was subsequently loaned by Diversified and/or Sonoqui to CAG.

4.     CAG does not take a position on whether the claims asserted with respect to the Current Funds or Future Funds are valid, because it does not know the source of the funds that Diversified and Sonoqui loaned to it, does not know whether Diversified or Sonoqui diverted funds they received from these potential claimants, ostensibly for the purpose of loaning to CAG, does not know how many additional claimants exist, does not have contact information for all potential claimants, and cannot independently adjudicate the claims being asserted.

5.     There are multiple, conflicting claims and potential claims, and CAG does not know to whom it should pay the Current Funds and Future Funds.  Potential claimants in this interpleader are all those who have asserted, or are likely to assert, the multiple, conflicting claims seeking to recover the Current Funds and Future Funds, as well as Diversified and Sonoqui.  CAG was not responsible for creating the conflicting claims.

6.     CAG seeks to protect itself from the vexation of multiple lawsuits and from possibly inconsistent or multiple determinations of liability, by: (1) depositing the Current Funds into the Court's registry; (2) obtaining an order permitting it to deposit the Future Funds, as they become due and payable, to the Court's registry; (3) obtaining an injunction against all pending and future proceedings in any other court against CAG by the defendants and those similarly situated related to the Current Funds or Future Funds; (4) obtaining declaratory relief that CAG has satisfied its contractual obligations with respect to the Current Funds and Future Funds; (5) obtaining discharge from liability and dismissal from this action; and (6) recovering its attorneys' fees and costs from the amounts deposited in the Court's registry.

## I.  THE PARTIES

7.     Plaintiff CAG is a Delaware limited liability company, with its principal place of business in Austin Texas.

8.     Defendant Diversified is, on information and belief, a Florida limited liability company that has been administratively dissolved.

9.     Defendant Sonoqui is, on information and belief, a Florida limited liability company, which was originally formed as a Texas limited liability company that was converted to a Florida limited liability company about two months prior to the arrest of its principals Daryl Bank and Raeann Gibson, and that has been administratively dissolved.

10.     Jeffrey Arnold is, on information and belief, a resident of the County of Cobb, Georgia, and an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

11.     Katherine Arnold is, on information and belief, a resident of the County of Cobb, Georgia, and an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

12.     Randall Bahjat is, on information and belief, a resident of the County of Fairfax, Virginia, and an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

13.     Jeff Browne is, on information and belief, a resident of the County of El Dorado, California, and an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

14.     Tom Chrisman is, on information and belief, an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.  Plaintiff lacks information sufficient to allege this person's residency.

15.     Neal Collins is, on information and belief, an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.  Plaintiff lacks information sufficient to allege this person's residency.

16.     Ernesto DiGiordano is, on information and belief, a resident of the County of Placer, California, and an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

17.     David Ernest is, on information and belief, a resident of the County of Lubbock, Texas, and an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

18.     David Evans and Debbie Evans are, on information and belief, residents of the County of Lubbock, Texas, and are individuals that have contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui, either directly or through the Evans Family Trust.

19.     William Fraser is, on information and belief, an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.  Plaintiff lacks information sufficient to allege this person's residency.

20.     Sherrie George is, on information and belief, an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.  Plaintiff lacks information sufficient to allege this person's residency.

21.     Fei Havenor is, on information and belief, a resident of the County of Maricopa, Arizona, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

22.     Gerald Holmes is, on information and belief, a resident of the County of Rockland, New York, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

23.     Marie Johnson is, on information and belief, an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.  Plaintiff lacks information sufficient to allege this person's residency.

24.     Cathy Kaiser is, on information and belief, a resident of the County of Orange, California, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

25.     James Karg is, on information and belief, a resident of the County of Loudon, Tennessee, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

26.     Jeanine Gorchen-Krasley is, on information and belief, an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.  Plaintiff lacks information sufficient to allege this person's residency.

27.     James Lappas is, on information and belief, a resident of the County of Cook, Illinois, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

28.     Venetia Lappas is, on information and belief, a resident of the County of Cook, Illinois, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

29.     Karen Lawrence is, on information and belief, a resident of the County of Cobb, Georgia, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

30.     Trish Laveck is, on information and belief, an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.  Plaintiff lacks information sufficient to allege this person's residency.

31.     Richard Lester is, on information and belief, a resident of the County of Cobb, Georgia, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

32.     Ang Li is, on information and belief, a resident of the County of Maricopa, Arizona, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

33.     Harold Likey is, on information and belief, a resident of the County of Placer, California, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

34.     Arthur Marks is, on information and belief, a resident of the County of Catawb, North Carolina, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

35.     Peggy McCauley is, on information and belief, an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui. Plaintiff lacks information sufficient to allege this person's residency.

36.     John McCormick is, on information and belief, an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui. Plaintiff lacks information sufficient to allege this person's residency.

37.     Mitch McDonald is, on information and belief, a resident of the County of El Dorado, California, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

38.     Terry McKnight is, on information and belief, a resident of the County of Los Angeles, California, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

39.     Jeff Mullis is, on information and belief, a resident of the County of Mecklenburg, North Carolina, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

40.     Hanh Nguyen is, on information and belief, a resident of the County of Tarrant, Texas, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

41.     Donna Peters is, on information and belief, a resident of the County of Palm Beach, Florida, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

42.     Pirro Peti is, on information and belief, a resident of the County of St. Louis, Missouri, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

43.     Susan Pollinger is, on information and belief, a resident of the County of Cobb, Georgia, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

44.     Mark Poulsen is, on information and belief, a resident of the County of Maricopa, Arizona, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

45.     Wendy Pyne on information and belief, a resident of the County of Middlesex, Massachusetts, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

46.     Olivia San Miguel is, on information and belief, a resident of the County of Hidalgo, Texas, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

47.     Luis San Miguel is, on information and belief, a resident of the County of Hidalgo, Texas, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

48.     Terri Saltzman is, on information and belief, a resident of the County of Mitchell, Kansas, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

49.     Frank Schenck is, on information and belief, a resident of the County of Fayette, Georgia, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

50.     Jackline Slezak is, on information and belief, a resident of the County of Riverside, California, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

51.     Carlise Stargill is, on information and belief, a resident of the County of Coweta, Georgia, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

52.     Judith Tallett is, on information and belief, a resident of the County of Placer, California, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

53.     Gregory Tindall is, on information and belief, a resident of the County of Washington, Tennessee, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

54.     Brad Van is, on information and belief, a resident of the County of Sacramento, California, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

55.     Dawn Vaughn is, on information and belief, a resident of the County of Maricopa, Arizona, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

56.     Karen Warren is, on information and belief, an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.  Plaintiff lacks information sufficient to allege this person's residency.

57.     Lory Williams is, on information and belief, a resident of the County of Sutter, California, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

58.     Brian Wilson is, on information and belief, a resident of the County of Tulsa, Oklahoma, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

59.     Yu Zhang is, on information and belief, an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.  Plaintiff lacks information sufficient to allege this person's residency.

60.     Bill Zoellin is, on information and belief, a resident of the County of Yuba, California, and is an individual that has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

61.     IRA Services Trust Company is, on information and believe, an entity of unknown form with an address in the County of San Mateo, California that has filed UCC Financing Statements in Florida related to Diversified as custodian and for the assignment and benefit of account numbers IRA550310, IRA550322; IRA551296, IRA549897, IRA549903, IRA503150, IRA540675 ("IRA TRUST").

62.     Defendant Ferrum II, LLC is, on information and belief, a limited liability company with an address in Lubbock, Texas that has filed UCC Financing Statements in Florida related to Sonoqui and Diversified.

63.     Provident Trust Group is, on information and belief, an entity of unknown form with an address in Las Vegas, Nevada, which has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui.

13

64.     Vantage Retirement Plans, LLC is, on information and belief, an entity of unknown form with an address in Phoenix, Arizona, which has contacted CAG seeking to recover funds, directly or on behalf of another, in connection with Diversified and/or Sonoqui, including funds for the benefit of Fei Havenor and Ang Li.

65.     John Doe(s) are, on information and belief additional individuals who may have a claims for or are seeking to recover funds, in connection with Diversified and/or Sonoqui.

66.     The first putative class, the "Diversified Class," is defined to include all persons who have an interest in the Current Funds or Future Funds that CAG owes to Diversified, including by reason of having loaned money to Diversified for the purpose of that money being loaned to CAG.

67.     The second putative class, the "Sonoqui Class," is defined to include all persons who have an interest in the Current Funds or Future Funds that CAG owes to Diversified, including by reason of having loaned money to Sonoqui for the purpose of that money being loaned to CAG.

## II.  JURISDICTION AND VENUE

68.     This Court has original jurisdiction of this civil action of interpleader because CAG has in its custody or possession money (the Current Funds) and written obligations (the Future Funds) each of which is worth more than $500, and with respect to each of which there are two or more adverse claimants, of diverse citizenship, that are claiming or may claim to be entitled to such money by virtue of written instruments.  CAG will request to deposit the Current Funds, and the Future Funds as they may become payable under the various loan agreements, into the registry of the Court, there to abide the judgment of the Court.  28 U.S.C. § 1335(a).

69.     Venue is proper because this Court is in a judicial district in which one of more of the claimants reside in this district, including claimant Gerald Holmes who, on information and belief, is a resident of the County of Rockland, New York.  28 U.S.C. § 1397.

### III.  FACTUAL BACKGROUND

### A.  The Loans

70.     CAG is in the delinquent debt buying business and related receivable management business.  In connection with that business, it has borrowed money, secured by various pools of debt that it attempts to collect.

71.     In and between approximately the years 2014 and 2016, CAG borrowed approximately $20,332,535.03 from Diversified, pursuant to various written promissory notes (the "Diversified Loans").  CAG has paid Diversified approximately $2,116,974.12 in principal and interest on account of those loans.  The purpose of the loans was "providing capital for utilization by [CAG] for any of the following activities (l) purchasing secured or unsecured commercial or consumer receivables, promissory notes, bonds; installment loans, leases, accounts and negotiable instruments ('all the aforesaid collectively for the purpose of this definition 'loans'); or (2) funding to lending originators for the purpose of allowing said originators to originate loans; or (3) providing funding for the formation or acquisition, in whole or part, of lending originators; or (4) providing funding for the formation or acquisition, in whole or part, of receivable servicing organizations; including third party collection agencies that service loans; (5) providing funding for the historically profitable activities of CAG; or (6) to utilize funding to deploy capital in the ever changing marketplace of the Accounts Receivable Marketplace or its related or allied peripheral segments; (7) or acquisition of professional negligence claims for purposes of financing litigation thereof and/or liquidating same via

15

litigation; or (8) resale and collection efforts related to the activities 1-7, inclusive, aforesaid which include but not limited to, expenses relating to analyzing, scoring, screening, lettering and performing reasonable efforts, including, but not limited to personnel expenses to collect and/or resell such loans as the case may be, and funding loan origination and servicing expenses, which include but are not limited to, lead generation expenses, processing payments, sending statements, providing delinquent collection services on loans, handling payoffs and assumptions, as well as various other related services as customary and necessary related to the origination, servicing and collection of loans; and (9) operating costs, defined herein as Borrower's overhead that is attributable to any of the foregoing activities."

72. The loans from Diversified are secured by specifically identified assets (the "Diversified Collateral") and were non-recourse with respect to CAG or any of its other assets. CAG agreed to use reasonable efforts to collect on the debt and monetize the assets that constituted the Diversified Collateral that secured the loans, and, if a sufficient amount was collected, CAG was obligated to pay interest at a contractually determined rate, and principal at the expiration of the term. CAG also received a servicing fee on the notes.

73. In approximately the year 2017, CAG borrowed a total of approximately $3,178,008.14 from Sonoqui, pursuant to various written loan agreements (the "Sonoqui Loans"). The purpose of the Sonoqui Loans was similar to the purpose of the Diversified Loans. The Sonoqui Loans are secured by specifically identified assets (the "Sonoqui Collateral"), and were non-recourse with respect to CAG or any of its other assets. CAG agreed to use reasonable efforts to collect on the debt and monetize the assets that constituted the Sonoqui Collateral that secured the Sonoqui Loans, and, if a sufficient amount was collected, CAG was obligated to pay

interest at a contractually determined rate, and principal at the expiration of the term. CAG also received a service fee on the notes.

74. With respect to the Diversified Loans, the total amount held by CAG as of December 31, 2019, including service fees that may be owed to Diversified as of that time, is $4,645,419.82 (the "Diversified Current Funds"). The total amount payable amount will depend on what the extent of monetizing the assets that are secured by the debt, may ultimately exceed $20,000,000. Some of the assets secured by the debt are illiquid, such that attempting to monetize them immediately may reduce the ultimate return.

75. With respect to the Sonoqui Loans, the total amount held by CAG as of December 31, 2019, including service fees that may be owed to Sonoqui as of that time, is $789,751.63 (the "Sonoqui Current Funds"). The total amount payable amount will depend on what the extent of monetizing the assets that are secured by the debt, may ultimately exceed $4,000,000. Assets secured by the debt are illiquid, such that attempting to monetize them immediately may reduce the ultimate return.

76. CAG seeks to deposit the Diversified Current Funds on account of the Diversified Loans, and the Sonoqui Current Funds on account of the Sonoqui Loans, with the Court, which is the total interest, principal, and service fees that are due and payable to Diversified and Sonoqui. It is unclear to CAG whether service fees will continue to be due to Diversified and Sonoqui under the notes, because those entities have not been involved in servicing the debt and as a result should not be entitled to a servicing fee.

77. As future funds are collected and additional payments under the various loan documents may become due and payable, CAG requests that the Court provide it with the ability

to pay those into the Court's registry pursuant to the same terms as the Diversified and Sonoqui Loans.

78.     At the time CAG is discharged from this action, it will provide to the Court a complete accounting of the attorneys' fees and costs incurred in this action and will seek to recover that amount from the amounts deposited in the Court's registry.  CAG reserves the right to also seek interim payments, depending on the cost of litigation.

### B.  The Federal Indictment and CAG's Attempts to Determine What to do with the Current Funds and Future Funds

79.     On or about August 24, 2017, the United States Attorney's Office for the Eastern District of Virginia published a press release stating  Daryl Gene Bank ("Mr. Bank") and Raeann Gibson, had each been charged with federal crimes in connection with leading an investment fraud scheme that resulted in losses of at least $20 million.  The press release stated:

> NORFOLK, Va. – The former owner of a Virginia Beach investment company was arrested today for his alleged role in leading an investment fraud scheme that caused losses of at least $20 million.

> Daryl Gene Bank, 47, of Port St. Lucie, Florida, and Raeann Gibson, 45, of Palm City, Florida, were previously residents of Virginia Beach. Each have been charged with conspiracy to commit mail and wire fraud, mail and wire fraud, and engaging in unlawful monetary transactions. According to the allegations in the indictment, Bank created, owned and operated dozens of Virginia limited liability companies, including Dominion Investment Group (DIG), and Dominion Private Client Group (DPCG), with offices in Virginia Beach and in Port St. Lucie.

> According to allegations in the indictment, Bank and Gibson engaged in a conspiracy by which they operated several investment fraud schemes from approximately January 2012 through July 2017. For example, in one fraud scheme, Bank caused numerous material misrepresentations and omissions to be made to several investors, including BC, who was blind and in his late 70s at the time he invested $20,000 of his retirement funds in an investment fraud called Prime Spectrum. Immediately upon receipt of BC's funds, Bank and Gibson misappropriated 70 percent investment funds and sent BC a statement reflecting his investment in Prime Spectrum was fully invested.

18

During the various fraud schemes, Bank and Gibson prepared materially false and misleading investment offerings, and knowingly omitted information and made material misrepresentations to at least 300 investors, causing his victims to lose at least a combined $20 million.

According to the indictment, in 2015, the Securities and Exchange Commission (SEC) filed a civil complaint against Bank and entities he controlled accusing him of running a multi-million dollar scheme to defraud investors. That same year, the Virginia State Corporation Commission filed a civil enforcement action against both Bank and Gibson to enjoin them from the fraudulent sale of unregistered securities.

If you believe you may be a victim in this case, please call the FBI's Norfolk Field Office at: 757-609-2514.

Bank faces a maximum penalty of 260 years in prison if convicted, and Gibson faces a maximum penalty of 240 years in prison if convicted. Actual sentences for federal crimes are typically less than the maximum penalties. A federal district court judge will determine any sentence after taking into account the U.S. Sentencing Guidelines and other statutory factors.

Dana J. Boente, U.S. Attorney for the Eastern District of Virginia, Martin Culbreth, Special Agent in Charge of the FBI's Norfolk Field Office, Kimberly Lappin, Special Agent in Charge, Washington, D.C. Field Office, IRS-Criminal Investigation (IRS-CI), and Robert B. Wemyss, Inspector in Charge of the Washington Division of the U.S. Postal Inspection Service (USPIS), made the announcement. Assistant U.S. Attorneys Melissa E. O'Boyle and Elizabeth M. Yusi are prosecuting the case.

The FBI's Miami Field Office provided significant assistance with the execution of the arrest and search warrants.

A copy of this press release is located on the website of the U.S. Attorney's Office for the Eastern District of Virginia. Related court documents and information is located on the website of the District Court for the Eastern District of Virginia or on PACER by searching for **Case No. 2:17-cr-126.**

*An indictment contains allegations that a defendant has committed a crime. Every defendant is presumed to be innocent until and unless proven guilty in court.*

[https://www.justice.gov/usao-edva/pr/former-investment-advisor-arrested-20-million-fraud]

80.     Following the various federal indictments and investigations, including the arrests and indictments of Bank and Gibson, the principals of Diversified and Sonoqui, CAG contacted federal authorities to request guidance on what to do with the Current Funds and Future Funds

that CAG owed to Diversified and Sonoqui. Despite contacting the Office of Investor Education and Advocacy of the SEC, the United States Attorney's Office ("USAO") for the Eastern District of Virginia, and the Federal Bureau of Investigation ("FBI"), CAG has not received any guidance.

81.     On March 21, 2019, Aghee William Smith II ("Mr. Smith") and others were charged in a criminal action filed in the United States District Court for the Eastern District of Virginia, case no. 2:19-cr-00047-RAJ-LRL (the "Smith Criminal Case"), for allegedly conspiring to commit mail fraud, wire fraud, money laundering, and other criminal acts related to purported sales of securities.

82.     As of the date of the filing of this interpleader complaint, no federal agency has informed CAG that it has a claim to the Current Funds or Future Funds. If such a claim is made, then this complaint may need to be amended to add such a claim. CAG, however, takes no position as to whether such a claim may be made.

### C.  The Multiple, Conflicting Claims

83.     Plaintiff has received more than forty (40) inquiries from individuals and entities claiming to have loaned money to Diversified and Sonoqui and to be entitled to a portion of the Current Funds and Future Funds. Many of those inquiries have been made on behalf of retirees, who claim to have loaned their retirement savings with entities controlled by Mr. Bank at the urging of Mr. Smith. They include the individuals identified in this complaint as defendants.

84.     Plaintiff is also aware of at least four UCC Financing Statements related to Diversified and/or Sonoqui, including by defendant IRA Trust and defendant Ferrum II, LLC.

85.     CAG received all of the money relating to these Loans directly from Diversified and Sonoqui and CAG does not know the source of the funds that Diversified and Sonoqui

loaned to it, or to whom it should pay the Current Funds and Future Funds as a result of the multiple, conflicting claims and potential claims, including those that, predictably, will come from those individuals who claim to have been defrauded by Mr. Bank, Ms. Gibson and/or Mr. Smith.

86.     CAG has no interest in retaining any portion of the Current Funds or Future Funds that are, or will become, due and owing to Diversified and Sonoqui pursuant to contracts, except with respect to the attorneys' fees and costs it has and will incur in connection with this action.

87.     Absent this interpleader action, CAG has no way of determining to whom the Current Funds and Future Funds ought to be paid, without subjecting itself to the vexation of multiple, conflicting actions.

### D.  The Class Allegations

88.     With respect to the Diversified Class and the Sonoqui Class, CAG alleges that each class is so numerous that joinder of all members is impracticable, because there were a total of 93 loans made by Diversified to CAG and 44 loans made by Sonoqui to CAG, and CAG does not know the identity of the claimants or purported claimants who may have funded those loans (or claim to have funded those loans) by loaning money to Diversified or Sonoqui and who are now seeking to recover from CAG.

89.     The questions of law and fact are common to the classes, in that they all claim to have loaned or otherwise provided funds to Diversified and Sonoqui and are seeking to recover those funds from CAG with respect to the Current Funds and Future Funds that they have claimed is owed to them.

90.     CAG has not attempted to identify a class representative or class counsel, however, given the amounts at stake, CAG is confident that class counsel will emerge and that the class representative's claims will be typical of the claims of the class.

91.     CAG will move this Court promptly for class certification, upon meeting and conferring with proposed class counsel.

## COUNT 1: INTERPLEADER

92.     CAG incorporates paragraphs 1-91 of this complaint.

93.     The defendants have all sought, or may seek, to recover the Current Funds and Future Funds from CAG, based either on their alleged loans.  They may also seek to recover their attorneys' fees and costs.  The amounts that they seek to recover are likely to be in excess of the Current Funds and Future Funds, such that payment to any claimant will likely expose CAG to the vexation of multiple lawsuits.

94.     Each of the individuals listed as defendants (the "Individual Defendants") has contacted CAG and asserted that he or she has loaned or otherwise provided money to Diversified and/or Sonoqui and is owed some of the Current Funds and/or the Future Funds from CAG.

95.     On May 7, 2019, defendant Gregory Tindall filed a lawsuit against CAG and others in the Superior Court of California, County of Placer, *Tindall v. Aghee William* Smith II, et al., case no. SCV0042974, (the "Tindall Action"), seeking to recover funds he alleges he loaned to Diversified, as a result of allegedly fraudulent actions by Aghee William Smith, which were then loaned to CAG.  Tindall named CAG as a Doe defendant in that action, but his counsel has agreed not to seek a responsive pleading until thirty days after the complaint in that action is

amended. Tindall has filed a request to amend its complaint but, to date the court has not granted that request.

96.     On August 13, 2019, Aghee William Smith II and Susan Blair Smith filed a petition for chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of California, case no. 19-25091 (the "Smith Bankruptcy").  CAG is informed and believes that the Smith Bankruptcy may act to stay, in whole or in part, the Tindall Action.  At least two of the individuals who have contacted CAG regarding the Current Funds and Future Funds have also filed claims in the Smith bankruptcy, specifically Gregory Tindall (Smith Bankruptcy claim 1) and Jeff Browne (Smith Bankruptcy claim 17), in which they allege that they were defrauded by Smith into providing him money to be loaned to Diversified, which may have been part of Diversified' s loans to CAG.

97.     On December 17, 2019, the bankruptcy court in the Smith Bankruptcy issued an order extending the deadline to file actions under 11 U.S.C. § 523 and 727 on the grounds that "one of the debtors is under federal criminal indictment, and is invoking the self-incrimination privilege against answering questions at the Meeting of Creditors."  (Smith Bankruptcy, Docket no. 51.)  CAG is informed and believes that at least some of the creditors in the Smith bankruptcy are the same individuals that have contacted CAG with respect to the Current Funds and Future Funds, including but not limited to Gregory Tindall and Jeff Browne.  On December 30, 2019, CAG filed a claim in the Smith Bankruptcy, seeking indemnity and contribution.

98.     Based on communications that CAG has received from the individuals named as defendants in this action, CAG is informed and believes that several are preparing to file individual and/or class actions related to Diversified and Sonoqui, seeking to recover all or a portion of the Current Funds and/or Future Funds, and naming CAG as a defendant.

99. CAG is informed and believes that Diversified and Sonoqui have been administratively dissolved, but nonetheless are the contracting parties to whom CAG believes it owes the Current Funds and Future Funds, but CAG cannot pay those funds due to the threats of multiple other actions with respect to those funds, and also because it does not know who would accept money on behalf of Diversified or Sonoqui.

100. CAG will deposit the Current Funds to the Court's registry, upon obtaining permission from the Court.

101. CAG will deposit the Future Funds to the Court's registry, upon obtaining permission from the Court, as they become payable and due.

102. CAG will seek discharge from the Court, and an order awarding it attorneys' fees and costs incurred in connection with this action.

## COUNT 2: INJUNCTION

103. CAG incorporates paragraphs 1-102 of this complaint.

104. CAG seeks a temporary and permanent injunction, to enjoin all parties and class members from instituting or prosecuting any proceeding in any State or United States court, against CAG relating to the Current Funds, the Future Funds, Diversified and Sonoqui, until further order of the court.

## COUNT 3: DECLARATORY RELIEF

105. CAG incorporates paragraphs 1-104 of this complaint.

106. A dispute has arisen between CAG and the defendants with respect to whether CAG has complied with all of its obligations under written instruments between it, on the one hand, and Sonoqui and Diversified, on the other.

107. CAG seeks declaratory relief, that, upon depositing the Current Funds with the Court, it will have fully complied with all of its then current obligations to Diversified and Sonoqui, and anyone claiming through them.

108. CAG seeks declaratory relief that by depositing the Future Funds with the Court as they become due and payable, CAG may fully comply with its obligations to Diversified and Sonoqui, and anyone claiming through them.

## PRAYER FOR RELIEF

WHEREFORE, CAG prays for an order:

A. Discharging CAG from future liability related to the contracts with Diversified and Sonoqui and dismissing it from this action;

B. Declaring that CAG has complied with its obligations under written instruments;

C. Awarding CAG its attorneys' fees and costs;

D. Awarding CAG any other and further relief as the Court deems proper.


Dated: February 4, 2020                    Respectfully submitted,

                                           */s/* Jonathan M. Robbin___
                                           Jonathan M. Robbin

                                           **J. ROBBIN LAW, PLLC**
                                           200 Business Park Drive, Suite 103
                                           Armonk, NY 10504
                                           914-685-5016
                                           jonathan.robbin@jrobbinlaw.com

                                           Andrew T. Hambelton
                                           **BLANK ROME LLP**
                                           1271 Avenue of the Americas
                                           New York, NY 10020
                                           (212) 885-5345
                                           Ahambelton@blankrome.com

<u>**JURY DEMAND**</u>

**PLEASE TAKE NOTICE** that, Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: February 4, 2020

<div style="margin-left: 50%;">

*/s/* Jonathan M. Robbin__
Jonathan M. Robbin

**J. ROBBIN LAW, PLLC**
200 Business Park Drive, Suite 103
Armonk, NY 10504
914-685-5016
jonathan.robbin@jrobbinlaw.com

Andrew T. Hambelton
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5345
Ahambelton@blankrome.com

</div>