**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION**

| | | |
|---|---|---|
| COLLINS ASSET GROUP, LLC, | § | |
| | § | |
| Interpleader Plaintiff, | § | CIVIL ACTION NO. 7:20-cv-00942-CS |
| | § | |
| vs. | § | |
| | § | |
| DIVERSIFIED FINANCING, LLC; | § | |
| | § | |
| SONOQUI, LLC; | § | |
| | § | |
| IRA SERVICES TRUST COMPANY; | § | |
| | § | |
| FERRUM II, LLC; | § | |
| | § | |
| PROVIDENT TRUST GROUP; | § | |
| | § | |
| VANTAGE RETIREMENT PLANS, LLC; | § | |
| | § | |
| | § | |
| JEFFREY ARNOLD; | § | |
| | § | |
| KATHERINE ARNOLD; | § | |
| | § | |
| JEFF BROWNE; | § | |
| | § | |
| KIMBERLY BURKS; | § | |
| | § | |
| TOM CHRISMAN; | § | |
| | § | |
| GERTRUDE COLLINS; | § | |
| | § | |
| NEAL COLLINS; | § | |
| | § | |
| TRACI COUGLE; | § | |
| | § | |
| DIANE DENTON; | § | |
| | § | |
| THOMAS DENTON; | § | |
| | § | |
| ERNESTO DIGIORDANO; | § | |
| | § | |
| | § | |

FRANCIS EARLY; §
§
DAVID ERNEST; §
§
DAVID EVANS; §
§
DEBBIE EVANS; §
§
EVANS FAMILY TRUST; §
§
SCOTT FARWICK; §
§
JOHN FERGUSON; §
§
FIRENZE FAMILY TRUST; §
§
WILLIAM FRASER; §
§
JAY SHAM GABEHART; §
§
SHERRIE GEORGE; §
§
JEANINE HILLARD GORECHAN; §
§
WINSTON HARRIS; §
§
FEI HAVENOR; §
§
SCOTT HAVENOR; §
§
JACQUELINE HAZEY; §
§
LIAN HE; §
§
DANIEL HEBERT; §
§
SHARAL HERBERT; §
§
GERALD HOLMES; §
§
AMY HUANG; §
§
JOHN C. JENKINS; §
§
§

YANBO JIANG;                          §
                                      §
MARIE JOHNSON;                        §
                                      §
CATHY KAISER;                         §
                                      §
JAMES KARG;                           §
                                      §
LEONARD KLEINPETER;                   §
                                      §
JEANINE GORCHEN-KRASLEY;              §
                                      §
JAMES LAPPAS;                         §
                                      §
VENETIA LAPPAS;                       §
                                      §
KAREN LAWRENCE;                       §
                                      §
TRISH LAVECK;                         §
                                      §
RICHARD LESTER;                       §
                                      §
ANG LI;                               §
                                      §
HONGBIN LI;                           §
                                      §
JIN LI;                               §
                                      §
HAROLD LIKEY;                         §
                                      §
FRANK LOPINTO;                        §
                                      §
ARTHUR MARKS;                         §
                                      §
PEGGY McCAULEY;                       §
                                      §
JOHN McCORMICK;                       §
                                      §
MITCH McDONALD;                       §
                                      §
TERRY McKNIGHT;                       §
                                      §
KEITH MORALES;                        §
                                      §
                                      §

JEFF MULLIS;                          §
                                      §
HANH NGUYEN;                          §
                                      §
DAN NOLAN;                            §
                                      §
DONNA PETERS;                         §
                                      §
PIRRO PETI;                           §
                                      §
SUSAN POLLINGER;                      §
                                      §
XIO YUN PAN;                          §
                                      §
JILL ANN PURKEY;                      §
                                      §
WENDY PYNE;                           §
                                      §
MICAELA ROGERS;                       §
                                      §
OLIVIA SAN MIGUEL;                    §
                                      §
LUIS SAN MIGUEL;                      §
                                      §
TERRI SALTZMAN;                       §
                                      §
FRANK SCHENCK;                        §
                                      §
JOHN BRADY SESSUMS;                   §
                                      §
YILING SHI;                           §
                                      §
JACKLINE SLEZAK;                      §
                                      §
CARLISE STARGILL;                     §
                                      §
JUDITH TALLETT;                       §
                                      §
STEPHEN THAXTON;                      §
                                      §
PATRICIA THAXTON;                     §
                                      §
GREGORY TINDALL;                      §
                                      §
                                      §

4

ORVIS TULLY;                                §
                                            §
BRAD VAN;                                   §
                                            §
DAWN VAUGHN;                                §
                                            §
PEINA WANG;                                 §
                                            §
KAREN WARREN;                               §
                                            §
DELDEIRDRA WEBB;                            §
                                            §
BLAKE WELLERMAN;                            §
                                            §
LORY WILLIAMS;                              §
                                            §
BRIAN WILSON;                               §
                                            §
HONG YU;                                    §
                                            §
YU ZHANG;                                   §
                                            §
BILL ZOELLIN; AND                           §
                                            §
JOHN DOE(S),                                §
                                            §
                                            §
          Interpleader Defendants.          §

## FIRST AMENDED COMPLAINT IN INTERPLEADER

1.      Interpleader Plaintiff Collins Asset Group, LLC ("CAG") brings this action in the

nature of interpleader pursuant to 28 U.S.C. §§ 1335 and 2361 against interpleader defendants Diversified

Financing, LLC ("Diversified"), Sonoqui, LLC ("Sonoqui"), IRA Services Trust Company as

custodian and for the assignment and benefit of account numbers IRA550310, IRA550322,

IRA551296, IRA549897, IRA549903, IRA503150, IRA540675 ("IRA TRUST"), Ferrum II,

LLC, and the individually named interpleader defendants (collectively, the "Claimants").

2.      CAG has in its custody funds, and will be receiving additional funds, that are funds that CAG now owes (the "Current Funds"), or may in the future owe (the "Future Funds"), to Diversified and Sonoqui pursuant to the terms of various written loan agreements between those entities and CAG.  CAG cannot pay the Current Funds or the Future Funds to Diversified or Sonoqui because they are no longer in good standing, their principals have been accused of financial crimes, their office locations have been abandoned, and CAG has not been able to identify an appropriate agent to properly accept money on behalf of Diversified or Sonoqui.

3.      As alleged in more detail below, the Claimants have alleged an entitlement to a portion of the Current Funds or Future Funds and have contacted CAG requesting payment of the same.

4.      CAG does not take a position on whether any of the claims asserted by the Claimants with respect to the Current Funds or Future Funds are valid because CAG does not know the exact source of the funds that Diversified and Sonoqui loaned to it, does not know whether Diversified or Sonoqui diverted funds they received from these Claimants, does not know how many additional claimants may exist, does not have contact information for all Claimants, and cannot independently adjudicate the claims being asserted by the Claimants.

5.      There are multiple, conflicting claims and potential claims related to the Current Funds and the Future Funds, and CAG does not know to whom it should pay the Current Funds and Future Funds.  Claimants in this interpleader are all those who have asserted the multiple, conflicting claims to recover a portion of the Current Funds and Future Funds, as well as Diversified and Sonoqui.  CAG was not responsible for creating the conflicting claims.

6.      CAG seeks to protect itself from the vexation of multiple lawsuits and from possibly inconsistent or multiple determinations of liability, by: (1) depositing the Current Funds

into the Court's registry; (2) obtaining an order permitting it to deposit the Future Funds into the Court's registry as they may become due and payable under the various loan agreements CAG has with Diversified and Sonoqui; (3) obtaining an injunction pursuant to 28 U.S.C. 2361 against all pending and future proceedings in any other court against CAG by the Claimants that in any manner relate to the Current Funds or the Future Funds; (4) obtaining declaratory relief that CAG has satisfied its contractual obligations to Diversified and Sonoqui with respect to the Current Funds and the Future Funds; (5) obtaining discharge from any potential liability to the Claimants related to the Current Funds and the Future Funds and dismissal from this action; and (6) recovering its attorneys' fees and costs in connection with this action from the amounts deposited in the Court's registry.

## I.  THE PARTIES

7.     Interpleader Plaintiff CAG is a Delaware limited liability company, with its principal place of business in Austin Texas.

8.     Interpleader Defendant Diversified is, on information and belief, a Florida limited liability company that has been administratively dissolved.

9.     Interpleader Defendant Sonoqui is, on information and belief, a Florida limited liability company, which was originally formed as a Texas limited liability company that was converted to a Florida limited liability company about two months prior to the arrest of its principals Daryl Bank and Raeann Gibson, and that has been administratively dissolved.

10.     Jeffrey Arnold is, on information and belief, a resident of the County of Cobb, Georgia, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

11.     Katherine Arnold is, on information and belief, a resident of the County of Cobb, Georgia, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

12.     Jeff Browne is, on information and belief, a resident of the County of El Dorado, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

13.     Kimberly Burks is, on information and belief, a resident of the County of Lafayette, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

14.     Tom Chrisman is, on information and belief, an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.  Plaintiff lacks information sufficient to allege this person's residency.

15.     Gertrude Collins is, on information and belief, a resident of the County of Cobb, Georgia, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

16.     Neal Collins is, on information and belief, an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.  Plaintiff lacks information sufficient to allege this person's residency.

17.     Traci Cougle is, on information and belief, a resident of the County of St. Tammany, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

18.     Diane Denton is, on information and belief, a resident of the County of East Baton Rouge, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

19.     Thomas Denton is, on information and belief, a resident of the County of East Baton Rouge, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

20.     Ernesto DiGiordano is, on information and belief, a resident of the County of Placer, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

21.     Francis Early is, on information and belief, a resident of the County of Cobb, Georgia, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

22.     David Ernest is, on information and belief, a resident of the County of Lubbock, Texas, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

23.     David Evans and Debbie Evans are, on information and belief, residents of the County of Lubbock, Texas, and are individuals that have contacted CAG seeking to recover a portion of the Current Funds or Future Funds, either directly or through the Evans Family Trust.

24.     Scott Farwick is, on information and belief, a resident of the County of Franklin, Ohio, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

25.     John Ferguson is, on information and belief, a resident of the County of East Baton Rouge, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

26.     Firenze Family Trust is, on information and belief, a resident of the county of Placer, California, and a trust that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

27.     William Fraser is, on information and belief, an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.  Plaintiff lacks information sufficient to allege this person's residency.

28.     Jay Sham Gabehart is, on information and belief, a resident of the County of East Baton Rouge, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

29.     Sherrie George is, on information and belief, an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.  Plaintiff lacks information sufficient to allege this person's residency.

30.     Jeanine Hilliard Gorechan is, on information and belief, a resident of the County of Chatham, Georgia, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

31.     Winston Harris is, on information and belief, a resident of the County of East Baton Rouge, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

32.     Fei Havenor is, on information and belief, a resident of the County of Maricopa, Arizona, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

33.     Scott Havenor is, on information and belief, a resident of the County of San Diego, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

34.     Jacqueline Hazey is, on information and belief, a resident of the County of East Baton Rouge, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

35.     Lian He is an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds. Plaintiff lacks information sufficient to allege this person's residency.

36.     Daniel Hebert is, on information and belief, a resident of the County of Iberville, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

37.     Sharal Herbert is, on information and belief, a resident of the County of Washington, Tennessee, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

38.     Gerald Holmes is, on information and belief, a resident of the County of Rockland, New York, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

39. Amy Huang is an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds. Plaintiff lacks information sufficient to allege this person's residency.

40. John C. Jenkins is, on information and belief, a resident of the County of Union, North Carolina, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

41. Yanbo Jiang is, on information and belief, a resident of San Diego County, California, and is an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

42. Marie Johnson is, on information and belief, an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds. Plaintiff lacks information sufficient to allege this person's residency.

43. Cathy Kaiser is, on information and belief, a resident of the County of Orange, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

44. James Karg is, on information and belief, a resident of the County of Loudon, Tennessee, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

45. Leonard Kleinpeter is, on information and belief, a resident of the County of East Baton Rouge, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

46. Jeanine Gorchen-Krasley is, on information and belief, an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds. Plaintiff lacks information sufficient to allege this person's residency.

47. James Lappas is, on information and belief, a resident of the County of Cook, Illinois, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

48. Venetia Lappas is, on information and belief, a resident of the County of Cook, Illinois, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

49. Karen Lawrence is, on information and belief, a resident of the County of Cobb, Georgia, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

50. Trish Laveck is, on information and belief, an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds. Plaintiff lacks information sufficient to allege this person's residency.

51. Richard Lester is, on information and belief, a resident of the County of Cobb, Georgia, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

52. Ang Li is, on information and belief, a resident of the County of Maricopa, Arizona, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

53.     Hongbin Li is, on information and belief, a resident of the County of San Diego, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

54.     Jin Li is an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.  Plaintiff lacks information sufficient to allege this person's residency.

55.     Harold Likey is, on information and belief, a resident of the County of Placer, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

56.     Frank Lopinto is, on information and belief, a resident of the County of Ascension, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

57.     Arthur Marks is, on information and belief, a resident of the County of Catawba, North Carolina, an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

58.     Peggy McCauley is, on information and belief, an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.  Plaintiff lacks information sufficient to allege this person's residency.

59.     John McCormick is, on information and belief, an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.  Plaintiff lacks information sufficient to allege this person's residency.

60.     Mitch McDonald is, on information and belief, a resident of the County of El Dorado, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

61.     Terry McKnight is, on information and belief, a resident of the County of Los Angeles, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

62.     Keith Morales is, on information and belief, a resident of the County of Ascension, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

63.     Jeff Mullis is, on information and belief, a resident of the County of Mecklenburg, North Carolina, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

64.     Hanh Nguyen is, on information and belief, a resident of the County of Tarrant, Texas, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

65.     Dan Nolan is, on information and belief, a resident of the County of East Baton Rouge, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

66.     Donna Peters is, on information and belief, a resident of the County of Palm Beach, Florida, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

67.     Pirro Peti is, on information and belief, a resident of the County of St. Louis, Missouri, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

68.     Susan Pollinger is, on information and belief, a resident of the County of Cobb, Georgia, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

69.     Xio Yun Pan is, on information and belief, a resident of San Diego County, California, and is an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

70.     Jill Ann Purkey is, on information and belief, a resident of the County of East Baton Rouge, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

71.     Wendy Pyne on information and belief, a resident of the County of Middlesex, Massachusetts, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

72.     Micaela Rogers is, on information and belief, a resident of the County of Rapides, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

73.     Olivia San Miguel is, on information and belief, a resident of the County of Hidalgo, Texas, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

74.     Luis San Miguel is, on information and belief, a resident of the County of Hidalgo, Texas, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

75.     Terri Saltzman is, on information and belief, a resident of the County of Mitchell, Kansas, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

76.     Frank Schenck is, on information and belief, a resident of the County of Fayette, Georgia, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

77.     John Brady Sessums is, on information and belief, a resident of the County of East Baton Rouge, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

78.     Yiling Shi is an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds. Plaintiff lacks information sufficient to allege this person's residency.

79.     Jackline Slezak is, on information and belief, a resident of the County of Riverside, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

80.     Carlise Stargill is, on information and belief, a resident of the County of Coweta, Georgia, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

81. Judith Tallett is, on information and belief, a resident of the County of Placer, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

82. Stephen Thaxton is, on information and belief, a resident of the County of Gwinett, Georgia, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

83. Patricia Thaxton is, on information and belief, a resident of the County of Gwinett, Georgia, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

84. Gregory Tindall is, on information and belief, a resident of the County of Washington, Tennessee, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

85. Orvis Tully is, on information and belief, a resident of the County of Rapides, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

86. Brad Van is, on information and belief, a resident of the County of Sacramento, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

87. Dawn Vaughn is, on information and belief, a resident of the County of Maricopa, Arizona, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

88.     Peina Wang is, on information and belief, a resident of San Diego County, California, and is an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

89.     Karen Warren is, on information and belief, an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.  Plaintiff lacks information sufficient to allege this person's residency.

90.     Deldeirdra Webb is, on information and belief, a resident of the County of East Baton Rouge, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

91.     Blake Wellerman is, on information and belief, a resident of the County of Livingston, Louisiana, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

92.     Lory Williams is, on information and belief, a resident of the County of Sutter, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

93.     Brian Wilson is, on information and belief, a resident of the County of Tulsa, Oklahoma, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

94.     Hong Yu is, on information and belief, a resident of San Diego County, California, and is an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

95.     Yu Zhang is, on information and belief, an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds. Plaintiff lacks information sufficient to allege this person's residency.

96.     Bill Zoellin is, on information and belief, a resident of the County of Yuba, California, and an individual that has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

97.     IRA Services Trust Company is, on information and believe, an entity of unknown form with an address in the County of San Mateo, California that has filed UCC Financing Statements in Florida related to Diversified as custodian and for the assignment and benefit of account numbers IRA550310, IRA550322; IRA551296, IRA549897, IRA549903, IRA503150, IRA540675 ("IRA TRUST").

98.     Defendant Ferrum II, LLC is, on information and belief, a limited liability company with an address in Lubbock, Texas that has filed UCC Financing Statements in Florida related to Sonoqui and Diversified.

99.     Provident Trust Group is, on information and belief, an entity of unknown form with an address in Las Vegas, Nevada, which has contacted CAG seeking to recover a portion of the Current Funds or Future Funds.

100.    Vantage Retirement Plans, LLC is, on information and belief, an entity of unknown form with an address in Phoenix, Arizona, which has contacted CAG seeking to recover a portion of the Current Funds or Future Funds, including funds for the benefit of Fei Havenor and Ang Li.

101.    John Doe(s) are, on information and belief, additional individuals who may have a claim to or are seeking to recover a portion of the Current Funds or Future Funds.

## II.  JURISDICTION AND VENUE

102.    This Court has original jurisdiction of this civil action of interpleader because the stake at issue is worth more than $500, and with respect to which there are two or more adverse claimants of diverse citizenship that are claiming or may claim to be entitled to a portion of such stake by virtue of written instruments.  CAG will request to deposit the Current Funds, and the Future Funds as they may become payable under CAG's various loan agreements with Diversified and Sonoqui, into the registry of the Court, there to abide the judgment of the Court. 28 U.S.C. § 1335(a).

103.    This Court has personal jurisdiction over each of the Claimants pursuant to 28 U.S.C. § 2361, which provides for nationwide jurisdiction in connection with a statutory interpleader action.

104.    Venue is proper because this Court is in a judicial district in which one or more of the Claimants reside, including claimant Gerald Holmes who, on information and belief, is a resident of the County of Rockland, New York.  28 U.S.C. § 1397.

## III.  FACTUAL BACKGROUND

### A.  The Loans

105.    CAG is in the delinquent debt buying business and related receivable management business.  In connection with that business it borrows money, secured by various pools of debt that it attempts to collect.

106.    In and between approximately 2014 and 2016, CAG borrowed approximately $20,332,535.03 from Diversified, pursuant to various written promissory notes (the "Diversified Loans").  CAG has paid Diversified approximately $2,116,974.12 in principal and interest on account of those loans.  The purpose of the loans was for "providing capital for utilization by

[CAG] for any of the following activities (l) purchasing secured or unsecured commercial or consumer receivables, promissory notes, bonds; installment loans, leases, accounts and negotiable instruments ('all the aforesaid collectively for the purpose of this definition 'loans'); or (2) funding to lending originators for the purpose of allowing said originators to originate loans; or (3) providing funding for the formation or acquisition, in whole or part, of lending originators; or (4) providing funding for the formation or acquisition, in whole or part, of receivable servicing organizations; including third party collection agencies that service loans; (5) providing funding for the historically profitable activities of CAG; or (6) to utilize funding to deploy capital in the ever changing marketplace of the Accounts Receivable Marketplace or its related or allied peripheral segments; (7) or acquisition of professional negligence claims for purposes of financing litigation thereof and/or liquidating same via litigation; or (8) resale and collection efforts related to the activities 1-7, inclusive, aforesaid which include but not limited to, expenses relating to analyzing, scoring, screening, lettering and performing reasonable efforts, including, but not limited to personnel expenses to collect and/or resell such loans as the case may be, and funding loan origination and servicing expenses, which include but are not limited to, lead generation expenses, processing payments, sending statements, providing delinquent collection services on loans, handling payoffs and assumptions, as well as various other related services as customary and necessary related to the origination, servicing and collection of loans; and (9) operating costs, defined herein as Borrower's overhead that is attributable to any of the foregoing activities."

107. The loans from Diversified are secured by specifically identified assets of CAG (the "Diversified Collateral") and were non-recourse with respect to CAG or any of its other assets. CAG agreed to use reasonable efforts to collect on the debt and monetize the assets that

constituted the Diversified Collateral that secured the Diversified Loans, and, if a sufficient amount was collected, CAG was obligated to repay to Diversified the principal amounts of the loans at the expiration of their respective terms, plus interest at a contractually determined rate and certain service fees.

108.    In approximately 2017, CAG borrowed a total of approximately $3,178,008.14 from Sonoqui, pursuant to various written loan agreements (the "Sonoqui Loans"). The purpose of the Sonoqui Loans was similar to the purpose of the Diversified Loans. The Sonoqui Loans are secured by specifically identified assets of CAG (the "Sonoqui Collateral") and were non-recourse with respect to CAG or any of its other assets. CAG agreed to use reasonable efforts to collect on the debt and monetize the assets that constituted the Sonoqui Collateral that secured the Sonoqui Loans, and, if a sufficient amount was collected, CAG was obligated to repay to Sonoqui the principal amounts of the loans at the expiration of their respective terms, plus interest at a contractually determined rate and certain service fees.

109.    With respect to the Diversified Loans, the total amount held by CAG as of December 31, 2019, that is due and owing to Diversified under the terms of the various loan agreements is approximately $4,645,419.82 (the "Diversified Current Funds"). Pursuant to CAG's agreements with Diversified, the total amount that may become due and payable to Diversified in the future will depend on CAG's ability to monetize the assets securing the debt.

110.    With respect to the Sonoqui Loans, the total amount held by CAG as of December 31, 2019, that is due and owing to Sonoqui under the terms of the various loan agreements is approximately $789,751.63 (the "Sonoqui Current Funds"). Pursuant to CAG's agreements with Sonoqui, the total amount that may become due and payable to Sonoqui will depend on CAG's ability to monetize the assets that are secured by the debt.

111. CAG seeks to deposit the Diversified Current Funds and the Sonoqui Current Funds with the Court, which is the total interest, principal, and service fees that are due and payable to Diversified and Sonoqui as of December 31, 2019, under the terms of CAG's various loan agreements with those entities. To the extent that any Future Funds become due and payable by CAG to Diversified and/or Sonoqui pursuant to the terms of CAG's written agreements with those entities, CAG requests that the Court provide it with the ability to pay those Future Funds into the Court's registry.

112. At the time CAG is discharged from this action, it will provide to the Court a complete accounting of the attorneys' fees and costs it has incurred in this action and will seek to recover that amount from the amounts deposited in the Court's registry. CAG reserves the right to also seek interim payments, depending on the cost of litigation.

**B.  The Federal Indictment and CAG's Attempts to Determine What to Do with the Current Funds and Future Funds**

113. On or about August 24, 2017, the United States Attorney's Office for the Eastern District of Virginia published a press release stating that Daryl Gene Bank ("Mr. Bank") and Raeann Gibson, who are the principals of Diversified and Sonoqui, had each been charged with federal crimes in connection with leading an investment fraud scheme that resulted in losses of at least $20 million. The press release stated:

> NORFOLK, Va. – The former owner of a Virginia Beach investment company was arrested today for his alleged role in leading an investment fraud scheme that caused losses of at least $20 million.
>
> Daryl Gene Bank, 47, of Port St. Lucie, Florida, and Raeann Gibson, 45, of Palm City, Florida, were previously residents of Virginia Beach. Each have been charged with conspiracy to commit mail and wire fraud, mail and wire fraud, and engaging in unlawful monetary transactions. According to the allegations in the indictment, Bank created, owned and operated dozens of Virginia limited liability

companies, including Dominion Investment Group (DIG), and Dominion Private Client Group (DPCG), with offices in Virginia Beach and in Port St. Lucie.

According to allegations in the indictment, Bank and Gibson engaged in a conspiracy by which they operated several investment fraud schemes from approximately January 2012 through July 2017. For example, in one fraud scheme, Bank caused numerous material misrepresentations and omissions to be made to several investors, including BC, who was blind and in his late 70s at the time he invested $20,000 of his retirement funds in an investment fraud called Prime Spectrum. Immediately upon receipt of BC's funds, Bank and Gibson misappropriated 70 percent investment funds and sent BC a statement reflecting his investment in Prime Spectrum was fully invested.

During the various fraud schemes, Bank and Gibson prepared materially false and misleading investment offerings, and knowingly omitted information and made material misrepresentations to at least 300 investors, causing his victims to lose at least a combined $20 million.

According to the indictment, in 2015, the Securities and Exchange Commission (SEC) filed a civil complaint against Bank and entities he controlled accusing him of running a multi-million-dollar scheme to defraud investors. That same year, the Virginia State Corporation Commission filed a civil enforcement action against both Bank and Gibson to enjoin them from the fraudulent sale of unregistered securities.

If you believe you may be a victim in this case, please call the FBI's Norfolk Field Office at: 757-609-2514.

Bank faces a maximum penalty of 260 years in prison if convicted, and Gibson faces a maximum penalty of 240 years in prison if convicted. Actual sentences for federal crimes are typically less than the maximum penalties. A federal district court judge will determine any sentence after taking into account the U.S. Sentencing Guidelines and other statutory factors.

Dana J. Boente, U.S. Attorney for the Eastern District of Virginia, Martin Culbreth, Special Agent in Charge of the FBI's Norfolk Field Office, Kimberly Lappin, Special Agent in Charge, Washington, D.C. Field Office, IRS-Criminal Investigation (IRS-CI), and Robert B. Wemyss, Inspector in Charge of the Washington Division of the U.S. Postal Inspection Service (USPIS), made the announcement. Assistant U.S. Attorneys Melissa E. O'Boyle and Elizabeth M. Yusi are prosecuting the case.

The FBI's Miami Field Office provided significant assistance with the execution of the arrest and search warrants.

A copy of this press release is located on the website of the U.S. Attorney's Office for the Eastern District of Virginia. Related court documents and information is located on the website of the District Court for the Eastern District of Virginia or on PACER by searching for **Case No. 2:17-cr-126.**

*An indictment contains allegations that a defendant has committed a crime. Every defendant is presumed to be innocent until and unless proven guilty in court.*

[https://www.justice.gov/usao-edva/pr/former-investment-advisor-arrested-20-million-fraud]

114.    Following the various federal indictments and investigations, including the arrests and indictments of Bank and Gibson, Diversified and Sonoqui essentially became defunct entities and despite CAG's attempts to determine how to pay the Current Funds to Diversified and Sonoqui, CAG was unable to determine how to pay them.

115.    Because of that, CAG even contacted federal authorities to request guidance on what to do with the Current Funds and Future Funds that CAG owed, and may in the future owe, to Diversified and Sonoqui.  Despite contacting the Office of Investor Education and Advocacy of the SEC, the United States Attorney's Office ("USAO") for the Eastern District of Virginia, and the Federal Bureau of Investigation ("FBI"), CAG has not received any guidance.

116.    As of the date of the filing of this First Amended Complaint in Interpleader, no federal agency has informed CAG that it has a claim to the Current Funds or Future Funds.  If such a claim is made, then this First Amended Complaint in Interpleader  may need to be amended to add such a claim.  CAG, however, takes no position as to whether such a claim may be made.

### C.  The Multiple, Conflicting Claims

117.    CAG has received more than ninety (90) inquiries from individuals and entities identified in this action as the Claimants claiming to be entitled to a portion of the Current Funds or Future Funds.  Many of those inquiries have been made on behalf of retirees, who claim to

have loaned their retirement savings with entities controlled by Mr. Bank at the urging of Aghee William Smith ("Mr. Smith"), a financial advisor that worked with Diversified and Sonoqui.

118.     CAG is also aware of at least four UCC Financing Statements related to Diversified and/or Sonoqui, including by defendant IRA Trust and defendant Ferrum II, LLC.

119.     Pursuant to the terms of the various loan agreements between CAG and Diversified and Sonoqui, CAG received money for its business operations directly from Diversified and Sonoqui.  CAG does not know the source of the funds that Diversified and Sonoqui loaned to it.  And because Diversified and Sonoqui appear to be defunct entities at this point, CAG does not know to whom it should pay the Current Funds and Future Funds, to the extent that they become due, because of the multiple, conflicting claims and potential claims of the Claimants, including those that, predictably, will come from those individuals who claim to have been defrauded by Mr. Bank, Ms. Gibson and/or Mr. Smith.

120.     CAG has no interest in retaining any portion of the Current Funds or Future Funds that may become due and owing to Diversified and Sonoqui pursuant to CAG's loan agreements with them, except with respect to the attorneys' fees and costs it has and will incur in connection with this action.

121.     Absent this interpleader action, CAG has no way of determining to whom the Current Funds and Future Funds ought to be paid, without subjecting itself to the vexation of multiple, conflicting actions throughout the country.

## COUNT 1: INTERPLEADER

122.    CAG incorporates paragraphs 1-120 of this First Amended Complaint as if fully set forth herein.

123.    The Claimants have all sought, or may seek, to recover the Current Funds or Future Funds from CAG.  They may also seek to recover their attorneys' fees and costs.  The amounts that they seek to recover are likely to be in excess of the Current Funds and Future Funds, such that payment to any Claimant will likely expose CAG to the vexation of multiple lawsuits.

124.    The Claimants have contacted CAG and claimed that it owes them some portion of the Current Funds and/or the Future Funds.

125.    On May 7, 2019, interpleader defendant Gregory Tindall filed a lawsuit against CAG and others in the Superior Court of California, County of Placer, *Tindall v. Aghee William Smith II, et al.*, case no. SCV0042974 (the "Tindall Action"), seeking to recover from CAG funds he alleges he loaned to Diversified, as a result of allegedly fraudulent actions by Mr. Smith.

126.    On August 13, 2019, Mr. Smith and Susan Blair Smith filed a petition for chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of California, case no. 19-25091 (the "Smith Bankruptcy").  CAG is informed and believes that the Smith Bankruptcy may act to stay, in whole or in part, the Tindall Action.  At least two of the individuals who have contacted CAG regarding the Current Funds and Future Funds have also filed claims in the Smith bankruptcy, specifically Gregory Tindall (Smith Bankruptcy claim 1) and Jeff Browne (Smith Bankruptcy claim 17), in which they allege that they were defrauded by Smith into providing him money to be loaned to Diversified.

127. On December 17, 2019, the bankruptcy court in the Smith Bankruptcy issued an order extending the deadline to file actions under 11 U.S.C. § 523 and 727 on the grounds that "one of the debtors is under federal criminal indictment and is invoking the self-incrimination privilege against answering questions at the Meeting of Creditors." (Smith Bankruptcy, Docket no. 51.) CAG is informed and believes that at least some of the creditors in the Smith bankruptcy are the same individuals that have contacted CAG with respect to the Current Funds and Future Funds, including but not limited to Gregory Tindall and Jeff Browne. On December 30, 2019, CAG filed a claim in the Smith Bankruptcy, seeking indemnity and contribution.

128. On January 29, 2020, Stephen Thaxton and Patricia Thaxton filed a putative class action lawsuit against CAG, Diversified, Sonoqui and others in the Superior Court of Gwinnett County, Georgia, *Stephen Thaxton and Patricia Thaxton Individually and on behalf of others v. Collins Asset Group et al.,* Civil Action No. 20-A-00784-11 seeking to recover from CAG funds that they allegedly loaned to Diversified, as a result of allegedly fraudulent actions by third-party Mark W. Miller.

129. Based on communications that CAG has received from the Claimants, CAG is informed and believes that several are preparing to file individual and/or class actions related to Diversified and Sonoqui, seeking to recover all or a portion of the Current Funds and/or Future Funds, and naming CAG as a defendant.

130. CAG is informed and believes that Diversified and Sonoqui have been administratively dissolved, but nonetheless are the contracting parties to whom CAG believes it owes the Current Funds and Future Funds, but CAG cannot pay those funds to any Claimants due to the threats of multiple other actions with respect to those funds, and also because it does not know who would accept money on behalf of Diversified or Sonoqui.

131.     CAG will deposit the Current Funds into the Court's registry upon obtaining permission from the Court.

132.     CAG will deposit any Future Funds into the Court's registry upon obtaining permission from the Court, as they may become payable and due under CAG's various loan agreements with Diversified and/or Sonoqui.

133.     CAG will seek discharge from the Court, and an order awarding it attorneys' fees and costs incurred in connection with this action.

134.     CAG also seeks a temporary and permanent injunction pursuant to 28 U.S.C. §2361 enjoining all Claimants and potential future claimants from instituting or prosecuting any proceeding in any State or United States court, against CAG relating in any manner to the Current Funds, the Future Funds, Diversified or Sonoqui, until further order of the court.

## COUNT 2: DECLARATORY RELIEF

135.     CAG incorporates paragraphs 1-133 of this First Amended Complaint.

136.     A dispute has arisen between CAG and the Claimants with respect to whether CAG has complied with all of its obligations under written instruments between CAG, on the one hand, and Sonoqui and Diversified, on the other.

137.     CAG seeks declaratory relief, that, upon depositing the Current Funds with the Court, it will have fully complied with all of its then current contractual obligations to Diversified and Sonoqui, and anyone claiming through them.

138.     CAG seeks declaratory relief that by depositing the Future Funds with the Court as they may become due and payable, CAG will have fully complied with its contractual obligations to Diversified and Sonoqui, and anyone claiming through them.

## **PRAYER FOR RELIEF**

WHEREFORE, CAG prays for judgment in its favor:

A.   Discharging CAG from future liability related to its written agreements with Diversified and Sonoqui, and anyone claiming through those entities, and dismissing it from this action;

B.   Declaring that CAG has complied with its obligations under its written instruments with Diversified and Sonoqui;

C.   Enjoining permanently all Claimants and potential future claimants from instituting or prosecuting any proceeding in any State or United States court, against CAG related in any manner to the Current Funds, the Future Funds, Diversified or Sonoqui, until further order of the court;

D.   Awarding CAG its attorneys' fees and costs incurred in connection with this action; and

E.   Awarding CAG any other and further relief as the Court deems proper.

Dated:  February 28, 2020                    Respectfully submitted,

                                              _/s/_ Jonathan M. Robbin __
                                              Jonathan M. Robbin
                                              **J. ROBBIN LAW, PLLC**
                                              200 Business Park Drive, Suite 103
                                              Armonk, NY 10504
                                              (914) 685-5016
                                              jonathan.robbin@jrobbinlaw.com

                                              Andrew T. Hambelton
                                              Gregory P. Cronin
                                              **BLANK ROME LLP**
                                              1271 Avenue of the Americas
                                              New York, NY 10020
                                              (212) 885-5345
                                              Ahambelton@blankrome.com

*Attorneys for Interpleader Plaintiff*

## JURY DEMAND

**PLEASE TAKE NOTICE** that, Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: February 28, 2020

*/s/* Jonathan M. Robbin__
Jonathan M. Robbin

**J. ROBBIN LAW, PLLC**
200 Business Park Drive, Suite 103
Armonk, NY 10504
914-685-5016
jonathan.robbin@jrobbinlaw.com

Andrew T. Hambelton
Gregory P. Cronin
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5345
Ahambelton@blankrome.com

*Attorneys for Interpleader Plaintiff*